**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robbie Collins, #290946, | ) | Case No. 2:26-cv-01537-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Tashana Grant; Officer Bachman; | ) | |
| Fawn Hall; Bryan Kendall; | ) | |
| and Lt. Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Robbie Collins ("Plaintiff"), a state prisoner proceeding *pro se*, brings this civil action

against Defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

(Dkt. No. 1.) At issue before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*

("IFP"). (Dkt. No. 2.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.),

the assigned United States Magistrate Judge is authorized to review all pretrial matters in this case

and to submit findings and recommendations to the United States District Judge. For the reasons

discussed below, the undersigned finds that Plaintiff is subject to the three-strikes rule under the

Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321–71 (1996) ("PLRA")

and therefore recommends that the Court deny Plaintiff's motion to proceed IFP. (Dkt. No. 2.)

## BACKGROUND

Plaintiff is currently serving a life sentence for murder under the custody of the South

Carolina Department of Corrections ("SCDC") at Lieber Correctional Institution.[1] During the time

Plaintiff has been incarcerated, he has filed at least twenty unsuccessful lawsuits in the United

---

[1]     *See* Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/inmateDetails (last visited May 11, 2026); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

States District Court for the District of South Carolina.[2] Plaintiff also has two lawsuits that are currently pending before this Court and have been recommended for dismissal by the assigned United States Magistrate Judge.[3] Plaintiff now brings yet another federal action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that as part of a "campaign of harassment," SCDC employees have charged him with false disciplinary violations in retaliation for his filing lawsuits and grievances against them. (Dkt. No. 1 at 15.)

For example, the Complaint discusses an incident where Plaintiff was taken to lock-up after confronting a staff member who apparently terminated Plaintiff's position as a "dorm worker" in retaliation for his lawsuits against SCDC employees. (*Id.*) Plaintiff's belongings were then "brought to operations" to be inventoried, and someone planted a weapon in Plaintiff's bed sheets. (*Id.*) Plaintiff claims that he was later "convicted" of possession of a weapon and an escape tool during a disciplinary hearing without sufficient evidence in violation of his due process rights. (*Id.* at 16; Dkt. No. 1-2 at 1–2.) The Complaint also mentions an incident where an SCDC staff member "falsely charged" Plaintiff with threatening to inflict harm in retaliation for "writing all those grievances and filing lawsuits." (*Id.* at 18.) Despite a witness apparently confirming that Plaintiff did not make any such threat, Plaintiff claims that he was "convicted." (*Id.* at 17–18.)

---

[2]     *See, e.g.*, *Collins v. Thompson*, Case No. 2:24-cv-01208-RMG (D.S.C. Aug. 22, 2025); *Collins v. Simpson*, Case No. 2:24-cv-00961-RMG (D.S.C. Aug. 19, 2025); *Collins v. Burdette*, Case No. 2:24-cv-00960-RMG (D.S.C. Dec. 15, 2025); *Collins v. McClary*, Case No. 2:24-cv-00737-RMG (D.S.C. Jan. 30, 2015), *appeal docketed*, No. 25-6769 (4th Cir. Sept. 11, 2025); *Collins v. Palmer*, Case No. 2:23-cv-05273-RMG (D.S.C. Oct. 28, 2025); *Collins v. Padula*, Case No. 2:23-cv-02651-RMG (D.S.C. June 28, 2024); *Collins v. Taylor*, Case No. 2:23-cv-01169-RMG (D.S.C. May 16, 2024), *affirmed*, No. 24-6569 (4th Cir. May 19, 2025); *Collins v. Bernedette*, Case No. 2:22-cv-01391-RMG (D.S.C. Mar. 7, 2025), *appeal docketed*, No. 25-6182 (4th Cir. Mar. 13, 2025); *Collins v. Stonebreaker*, Case No. 2:21-cv-01188-RMG (D.S.C. Oct. 25, 2021); *Collins v. Stonebreaker*, Case No. 2:21-cv-00991-RMG (D.S.C. Oct. 26, 2021); *Collins v. State of South Carolina*, Case No. 2:20-cv-02652-RMG (D.S.C. Sept. 20, 2020); *Collins v. Trull*, Case No. 2:20-cv-01543-RMG (D.S.C. Jan. 3, 2022); *Collins v. Stephon*, Case No. 9:18-cv-03282-RMG (D.S.C. Jan. 16, 2020), *affirmed*, No. 20-6160 (4th Cir. Dec. 17, 2020); *Collins v. Williams*, Case No. 8:18-cv-01491-RMG (D.S.C. Sept. 30, 2019); *Collins v. Williams*, Case No. 2:18-cv-01490-RMG (D.S.C. July 3, 2018); *Collins v. McFadden*, Case No. 2:15-cv-03378-RMG (D.S.C. Feb. 2, 2016); *Collins v. Mauney*, Case No. 2:14-cv-04270-RMG (D.S.C. Mar. 1, 2016); *Collins v. Padula*, Case No. 2:12-cv-03112-BHH (D.S.C. Mar. 31, 2014), *affirmed*, No. 14-6533 (4th Cir. Sept. 3, 2014); *Collins v. Padula*, Case No. 2:12-cv-00710-CMC (D.S.C. Aug. 23, 2013), *appeal dismissed*, No. 13-7589 (4th Cir. June 4, 2014); *Collins v. Major*, Case No. 8:04-cv-23310-HFF (D.S.C. Nov. 7, 2005).

[3]     *See Collins v. Williams*, Case No. 2:24-cv-05767-RMG (D.S.C.); *Collins v. Antonelli*, Case No. 2:24-cv-03915-RMG (D.S.C.).

As punishment for the aforementioned violations, Plaintiff claims that he was placed in SCDC's "closed custody units," such that he was subject to "more severe prison conditions," including job restrictions and denial of outdoor recreation. (Dkt. No. 1 at 16–17.) Plaintiff further alleges that when he was moved to the Restrictive Housing Unit, SCDC staff intentionally sabotaged the inventory process by mislabeling his personal property as "unauthorized" and even breaking some of his items. (*Id.* at 18–19.) Based on these allegations, Plaintiff asks that the Court vacate his disciplinary convictions, award him damages, and reimburse him for his stolen/destroyed property. (*Id.* at 7.)

## **APPLICABLE LAW**

The PLRA requires that this Court engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). As part of this screening process, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees under what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner

demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).[4] Without a showing of imminent danger, the prisoner must prepay the filing fee in full in order to proceed with his claims. 28 U.S.C. § 1915(g).

## DISCUSSION

As demonstrated above, Plaintiff is a prolific litigant who has filed numerous unsuccessful civil actions in this Court. Thus, it should come as no surprise to Plaintiff that after so much frivolous litigation, the Court must finally apply the three-strikes rule to his filings under 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 631 n.3 (4th Cir. 2013) ("Whether a court rings the PLRA bell in its opinion or judgment order is immaterial, so long as the summary judgment dismissal is explicitly predicated on one of the three grounds enumerated in Section 1915(g)."); *see also Pitts v. South Carolina*, 65 F.4th 141, 145 (4th Cir. 2023) (explaining that because "a district court may not contemporaneously rule that its dismissal of a complaint constitutes a strike," the responsibility falls on "a fourth (or at least later) court . . . to look backwards" and determine "whether prior suits brought by the same plaintiff were dismissed on enumerated grounds") (internal citations and quotation marks omitted).

Here, Plaintiff's three most recently decided cases before this Court each constitute strikes under the PLRA:

1.    *Collins v. Thompson*, Case No. 2:24-cv-01208-RMG (D.S.C. Aug. 22, 2025) (Dkt. No. 83 at 4, dismissing case because Plaintiff "failed to state a claim under 42 U.S.C. § 1983");

---

[4]      In *Lomax v. Ortiz-Marquez*, the Supreme Court abrogated the *McLean* holding that a dismissal without prejudice for failure to state a claim does not constitute a strike under the PLRA. *See Lomax*, 140 S. Ct. at 1724 (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for purposes of IFP status).

2.      *Collins v. Simpson*, Case No. 2:24-cv-00961-RMG (D.S.C. Aug. 19, 2026) (Dkt. No. 46 at 4, dismissing case because Plaintiff "failed to state a claim under 42 U.S.C. § 1983"); and

3.      *Collins v. Berdette*, Case No. 2:24-cv-00960-RMG (D.S.C. Dec. 12, 2025) (Dkt. No. 99, dismissing case because Plaintiff "failed to state a 42 U.S.C. § 1983 deliberate indifference claim").

In light of these three strikes, Plaintiff cannot proceed with the instant case *in forma pauperis* unless his claims satisfy the exception for imminent physical harm. *See* 28 U.S.C. § 1915(g). In order to invoke the "imminent danger" exception under § 1915(g), an "inmate must make specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (internal citations and quotation marks omitted). Allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D. N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.").

Plaintiff has neither alleged nor shown that he is in imminent danger of physical harm. Rather, the alleged misconduct for which Plaintiff seeks relief largely relates to past injuries stemming from the purported false disciplinary charges. *See Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) ("We note that the requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.") (internal citations and quotation marks omitted). Because Plaintiff cannot rely on past violations to satisfy the imminent danger exception, the undersigned finds that the three-strikes rule bars Plaintiff's motion to proceed IFP (Dkt. No. 2) and therefore recommends that the Court deny the same. Nevertheless, Plaintiff still may proceed with his Complaint by paying the full filing fee for a non-habeas civil action.

## CONCLUSION

Based on the above, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**. It is further **RECOMMENDED** that Plaintiff be given **twenty-one days (21)**, from the date on which the United States District Judge rules on this Report and Recommendation, to pay the filing fee. If Plaintiff pays the filing fee within the prescribed period of time, the Clerk of Court should forward this action to the undersigned to determine if service of process should be authorized. If Plaintiff fails to pay the filing fee, however, it is **RECOMMENDED** that the Clerk of Court enter judgment dismissing this case without prejudice pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).

      **IT IS SO RECOMMENDED.**

                          _____
                          MARY GORDON BAKER
                          UNITED STATES MAGISTRATE JUDGE

May 19, 2026
Charleston, South Carolina

      Plaintiff's attention is directed to the **important notice** on the next page.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).